683 S.E.2d 596 (2009)
In the Matter of E.T.M.
No. S09Y1765.
Supreme Court of Georgia.
September 28, 2009.
William P. Smith III, General Counsel State Bar, A.M. Christina Petrig, Asst. General Counsel State Bar, for State Bar of Georgia.
PER CURIAM.
E.T.M. filed this petition for voluntary discipline pursuant to Bar Rule 4-227(b)(2) seeking a Review Panel reprimand for his admitted violation of Rules 1.3, 1.4, 1.16(d) and 8.1 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102(d). Even though the State Bar has no objection to E.T.M.'s petition, we reject it.
In the petition, E.T.M. admits that in October 2007, without a written representation agreement, he accepted $2,500 as a retainer to represent a client in a contempt action regarding a child support arrearage. E.T.M. admits that although he filed the appropriate documents and appeared at the required hearing in the client's matter, he failed to take steps to ensure that his client was aware of the hearings and of the developments in his case. As a result, E.T.M.'s client failed to appear at the hearing on his matter, and after E.T.M.'s motion for continuance was denied, the court entered judgment against E.T.M.'s client. Although E.T.M. took steps to protect his client's interest by agreeing with opposing counsel that the case proceed to mediation, E.T.M. failed to ensure that his client agreed with, or was even made aware of, those developments. E.T.M. then moved to withdraw from the representation, but he failed to mention that fact in his response to the grievance his client filed with the State Bar. Moreover, in his response, he apparently overstated the complexity of his representation. By his actions in this matter, E.T.M. admits that he violated Rules 1.3, 1.4, 1.16(d) and 8.1 of the Georgia Rules of Professional Conduct and requests that he receive a Review *597 Panel reprimand as discipline for those violations. The State Bar responded advising that E.T.M. received a confidential letter of formal admonition in July 2008 and a Review Panel reprimand in 1981, but expressing no objection to E.T.M.'s current petition for voluntary discipline. Based upon our review of the entire record, we reject E.T.M.'s petition for voluntary discipline.
Petition for voluntary discipline rejected.
All the Justices concur.